FIRSTLAND VILLAGE ASSOCIATES, Appellant, v. LAWYER'S
TITLE INSURANCE COMPANY, Respondent.
(284 S. E. (2d) 582)

*Robert E. Stepp,* of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble,* Columbia, *for appellant.*

*Ralph C. Robinson, Jr.,* of *Robinson & Britt,* and *Frank E. Robinson, II,* of *Lewis, Lewis & Robinson,* Columbia, *for respondent.*

November 23, 1981.

*Per Curiam:*

This appeal concerns the liability of respondent (title company) under an owner's policy of title insurance issued to appellant (developer). The trial judge granted summary judgment to the title company. We affirm for the reasons stated hereafter.

The material facts are not in dispute. The developer bought part of a tract of land designated "Future Development" on a plat of Dorchester Estates Subdivision in Dorchester County. Prior to the purchase, the existing restrictive covenants were

amended (the first amendment) so as to permit construction on the developer's tract of a planned unit development. The title company issued an owner's policy, which took exception to the original restrictions and first amendment. After closing of the transaction and issuance of the title policy, a group of lot owners filed a document (the second amendment), which purported to "clarify" the first amendment. The effect of the second amendment, if valid, would be to restrict further the developer's tract. As a result, units under construction by the developer and other planned units may be in violation of the restrictive covenants.

In this action, the developer asserts the title company breached its covenants under the title policy by its refusal to issue subsequent policies and endorsements without exception for the second amendment and its refusal to join in the prosecution of an action against the lot owners to invalidate the second amendment.

Generally, title insurance operates to protect a purchaser or mortgagee against defects in or encumbrances on title which are in existence at the time the insured takes title. *National Mortgage Corporation v. American Title Insurance Company*, 299 N. C. 369, 261 S. E. (2d) 844 (1980). Title insurance is unique in that it is retrospective, not prospective. *Van Arsdale v. Metropolitan Title Guaranty Co.*, 103 Misc. (2d) 104, 425 N. Y. S. (2d) 482 (Dist. Ct. 1980).

The risks of title insurance end where the risks of other kinds begin. Title insurance, instead of protecting the insured against matters that may arise during a stated period after the issuance of the policy, is designed to save him harmless from any loss through defects, liens, or encumbrances that may affect or burden his title when he takes it.

*National Mortgage Corporation*, 299 N. C. at 375, 261 S. E. (2d) at 847-8, quoting from *Trenton Potteries Co. v. Title Guarantee & Trust Co.*, 176 N. Y. 65, 68 N. E. 132 (1903). *See Safeco Title Insurance Company v. Moskopoulos*, 116 Cal. App. (3d) 658, 172 Cal. Rptr. 248 (Ct. App. 1981); 9 Appleman, Insurance Law and Practice, Section 5209 at 61 (1981); 13 Couch on Insurance, Section 48:110 at 583 (2d ed. 1965).

The effective date of the policy (January 7, 1976) preceded the date (March 26, 1976) and recording date (May 12, 1976) of the second amendment. Without admitting the validity of the second amendment, the developer acknowledges in its brief that the filing of the second amendment created a defect in its title. Consequently, the filing of the second amendment, being a defect attaching after the effective date of the policy, does not fall within the purview of title insurance coverage. Moreover, the policy in question specifically excludes "[d]efects, liens, encumbrances, adverse claims, or other matters . . . attaching or created subsequently to Date of Policy. . . ."

The developer argues the filing of the second amendment was not a subsequent event since the second amendment arose from and exists by virtue of the original covenants. This theory, if adopted, would not bring the second amendment within policy coverage. The policy expressly excludes coverage for loss or damage by reason of the original restrictions and first amendment under its schedule of exceptions.

We hold the policy does not insure against the defect in question. Accordingly, the title company has not breached covenants under the policy as asserted by the developer. The order of the trial judge is affirmed.