833 F.2d 775
 TRANSAMERICA TITLE INSURANCE COMPANY, a California
corporation, Plaintiff- Appellant,
v.
ALASKA FEDERAL SAVINGS AND LOAN ASSOCIATION OF JUNEAU, an
Alaska corporation; Pacific Loan, an Hawaii corporation;
Thrift Guaranty Corporation of Hawaii, a Hawaii corporation;
Ralph S. Aoki, Trustee of the Real Estate Finance
Corporation, a Hawaii Corporation, Defendants-Appellees.
 Nos. 86-4358, 86-4426.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 6, 1987.
Decided Nov. 27, 1987.
 
 Peter C. Dietze, William F. Nagel, Dietze, Davis and Porter, P.C., Boulder, Co., Edgar R. Locke, Hartig, Rhodes, Norman, Mahoney & Edwards, Anchorage, Ak., for plaintiff-appellant.
 Michael M. Holmes, Faulkner, Banfield, Doogan & Holmes, Juneau, Ak., Richard B. Brown, Faulkner, Banfield, Doogan & Holmes, Anchorage, Ak., for defendants-appellees.
 Appeal from the United States District Court for the District of Alaska.
 Before GOODWIN, ANDERSON and BRUNETTI, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 Transamerica Title Insurance Company appeals the district court's summary judgment for appellee Alaska Federal Savings & Loan. The district court held that Transamerica has a duty to defend Alaska Federal in three state court actions and one bankruptcy court action involving property to which Alaska Federal acquired title after developer-borrowers defaulted on a loan.
 
 
 2
 We review a grant of summary judgment de novo. Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986); Matter of McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc) (state law questions reviewed de novo). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Ashton, 780 F.2d at 818.
 
 
 3
 The parties agree that Alaska substantive law must be applied, however, no Alaska courts have ruled on the issues presented by this case. Therefore, we must predict how the Alaska Supreme Court would resolve them. Dimidowich v. Bell & Howell, 803 F.2d 1473, 1482 (9th Cir.1986). We look for guidance to decisions by courts in other jurisdictions. Id.
 
 
 4
 Transamerica claims that the underlying lawsuits are excepted from coverage because Alaska Federal "created" the equitable mortgage alleged by those suits.[1] The policy excepts "defects, liens, encumbrances, or other matters created or suffered by the insured" from coverage.
 
 
 5
 Most of the cases defining "created" for the purpose of exclusions similar to the present one involve the insured's intentional misconduct, inadvertence, or negligence in bringing about the loss. Brown v. St. Paul Title Ins. Corp., 634 F.2d 1103, 1107-08 n. 8 (8th Cir.1980). Transamerica argues, and dicta in several cases indicates, that the insured's intentional conduct need not constitute misconduct to be deemed "creation." See, e.g., Safeco Title Ins. Co. v. Moskopoulos, 116 Cal.App.3d 658, 667-68, 172 Cal.Rptr. 248, 253 (1981) ("created" means a "conscious, deliberate causation"); Keown v. West Jersey Title & Guar. Co., 161 N.J.Super. 19, 390 A.2d 715 (1978). Moreover, in at least two cases courts have held that the "created or suffered" exclusion applies to intentional but not illegal conduct. Brown, 634 F.2d 1103, 1109 (8th Cir.1980) (applying Missouri law); Bankers Trust Co. v. Transamerica Title Ins. Co., 594 F.2d 231, 235-36 (10th Cir.1979) (applying Colorado law). Therefore, if Alaska Federal intended to obtain only an equitable lien as alleged by Aoki and Pacific Loan, Alaska Federal will be deemed to have "created" this "defect" in title.
 
 
 6
 Transamerica's duty to defend encompasses all claims potentially within the policy's coverage. O'Neill Investigations v. Illinois Employers Ins. of Wausau, 636 P.2d 1170, 1173 (Alaska 1981). Transamerica will have to indemnify Alaska Federal only if the underlying claims are successful in creating a defect in title.
 
 
 7
 Most of the underlying equitable lien claims will require proof of Alaska Federal's intent. Rizo v. Macbeth, 398 P.2d 209, 211 (Alaska 1965) (intent of the parties determines whether instrument is deed or security interest). Thus, these claims fall within the "created or suffered" exception because if Alaska Federal intended to obtain a security interest it "created" the "defect" in its title. Bidart v. American Title Ins. Co., 734 P.2d 732, 734 (Nev.1987).
 
 
 8
 Aoki's claim that a deed coupled with a repurchase option is a mortgage as a matter of law does not seem to require proof of Alaska Federal's intent. Nevertheless, Aoki's claim also falls within the exception. The basis for the rule that a deed coupled with a repurchase option is presumed to be a mortgage is that it best effectuates the parties' intent, absent proof of contrary intent. Aoki relies on Matter of Ellis, 674 F.2d 1238 (9th Cir.1982), and on Matters of Kassuba, 562 F.2d 511 (7th Cir.1977), for this claim. In Ellis we held that Hawaii law presumes a deed coupled with a repurchase option to be a mortgage. We noted that the "purpose of [this] rule is 'to ensure effectuation of the genuine purpose and intention of the parties by subordinating thereto the ostensible form in which the transaction is finally couched.' " 674 F.2d at 1247 (quoting Hess v. Paulo, 38 Haw. 279, 285-86 (1949)). Similarly, in Kassuba the Seventh Circuit noted that this presumption effectuates the parties' intent. 562 F.2d at 514-15.
 
 
 9
 Thus, the success of Aoki's claim will be proof that Alaska Federal intended to create an equitable mortgage and this claim is also excepted from coverage. As the insurance policy will cover none of the underlying claims, Transamerica has no duty to defend Alaska Federal.
 
 
 10
 We need not reach Transamerica's other arguments on appeal since we hold Transamerica has no duty to defend because Alaska Federal "created" the underlying claims. The district court's summary judgment is
 
 
 11
 REVERSED.
 
 
 
 [1]
 The underlying suits also contain a number of allegations of intentional wrongdoing by Alaska Federal. Alaska Federal admits that these issues fall under the "created or suffered" exception to coverage discussed in the next section. See Safeco Title Ins. Co. v. Moskopoulos, 116 Cal.App. 658, 172 Cal.Rptr. 248 (1981) (defects resulting from insured's intentional misconduct deemed "created" by the insured)