**OMAHA INDEMNITY INSURANCE COMPANY, Plaintiff,**

v.

**CARDON OIL COMPANY, et al., Defendants.**

No. C 87–0805 SC.

United States District Court, N.D. California.

May 13, 1988.

Tom Kearney, Richard Rico, Meryl Sosa, Breidenbach, Swainstron, Crispo & Way, Los Angeles, Cal., for plaintiff.

Gary S. Anderson, Farella, Braun & Martel, San Francisco, Cal., Victoria Gruver, Beus, Gilbert, Wake & Morrill, Phoenix, Ariz., for defendants.

## ORDER

CONTI, District Judge.

Plaintiff Omaha Indemnity Insurance Company ("Omaha Indemnity") brought this diversity action against defendants for declaratory relief concerning insurance coverage. Plaintiff insures defendants Cardon Oil Company, Wilford Cardon, Craig Cardon, and Elijah Cardon ("the Cardons") under a comprehensive general liability insurance policy ("policy"). In 1985, the Cardons were sued in this district for alleged securities fraud. *See Intercoastal Trading Corporation v. Cardon Oil Co., et al.,* C 85–4842 SC; *Vissar v. Cardon Oil Co., et al.,* C 85–9287 SC; *Hilgedick v. Cardon Oil Co., et al.,* C 85–8047 SC (collectively "consolidated actions"). Plaintiff undertook the Cardons' defense in the consolidated actions subject to a reservation of rights.

In its order of December 8, 1987, the court granted plaintiff's request for declaratory relief. The court held that the policy does not cover the investment loss claims alleged against the Cardons in the consolidated actions and that plaintiff had no duty to defend the consolidated actions or to indemnify the Cardon defendants.

This action is presently before the court on plaintiff's motion for summary adjudication and an order that the Cardons reimburse Omaha Indemnity for all attorney's fees and costs advanced in the consolidated actions. Plaintiff argues that it expressly reserved its right to recover attorney's fees and costs advanced on behalf of the Cardons in the consolidated actions and that it is entitled to recovery since the court has ruled that it had no duty to defend. Defendants have moved to strike on the grounds that there is no action pending before the court since a judgment was entered in the case.

Plaintiff's motions are made pursuant to 28 U.S.C. § 2202 which provides:

> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

■ Defendants first argue that section 2202 cannot be used to reopen these proceedings because this section is governed by the strictures of Rule 59(e) of the Federal Rules of Civil Procedure. Defendants thus argue that plaintiff's motion is not timely since it was not filed within ten days of the court's entry of judgment as provided by Rule 59(e). Defendants are incorrect. The court may grant relief under section 2202 "long after the declaratory judgment has been entered, provided that the party seeking relief is not barred by laches." 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, § 2771 at 765. *See also Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co., Inc.,* 255 F.2d 518 (2d Cir.), *cert. denied* 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958). Defendants have not suggested that plaintiff's claim should be barred by laches. Therefore, plaintiff's motion is timely and defendants' motion to strike is denied.

■ Defendants next argue that section 2202 is an improper mechanism to obtain the relief sought by plaintiff since the recovery of costs and fees expended in the consolidated actions is not relief designed to effectuate the declaratory judgment. Defendants argue that the question of whether Omaha Indemnity may recover its expenditures is a completely separate legal issue from whether it had a duty to defend. While the court agrees that this is a separate legal issue, the court can see no reason why this should render use of section 2202 improper.

■ Under section 2202, the court retains jurisdiction to enter such further orders as it deems necessary or proper to give complete and effectual relief consistent with its declaratory judgment. *Rincon Band of Mission Indians v. Harris,* 618 F.2d 569, 575 (9th Cir.1980). While Omaha Indemnity's claimed entitlement to reimbursement of legal expenditures does not flow inevitably from the court's previous order, this is an issue which could not be confronted until the court ruled that Omaha Indemnity had no duty to defend. The

further relief requested by Omaha Indemnity may not be "necessary" to effectuate the court's ruling, but it is certainly a "proper" request for relief under section 2202. *Horn & Hardart Co. v. National Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C.Cir.1988).

Having decided that plaintiff's motion is proper under section 2202, the court now turns to the merits of plaintiff's request. Plaintiff states that "[s]ince the declaratory judgment was in Omaha Indemnity's favor it necessarily included an adjudication of Omaha Indemnity's entitlement to attorney's fees." Plaintiff's Reply Memorandum at 2. Plaintiff thereby suggests that the court now must only decide how much defendants owe for reimbursement of legal expenditures. However, the court, in its order of December 8, 1987, made no ruling on plaintiff's entitlement to reimbursement of legal expenditures. Indeed, while Omaha Indemnity did allege the right to reimbursement in its complaint, this issue was not addressed in Omaha Indemnity's previous motion for summary adjudication. Therefore, the court must first rule on whether Omaha Indemnity is entitled to reimbursement before it can determine the proper amount owed if any.

In its reservation of rights letter, Omaha Indemnity stated:

Additionally Omaha Indemnity specifically reserves its right to seek reimbursement of all defense costs, including attorney's fees, paid to or on behalf of Wilford Cardon, Craig Cardon, Elijah Cardon or Cardon Oil Company with respect to the District Court Actions. In that regard, it is contemplated that a declaratory relief action will be filed by Omaha Indemnity against the Cardons and Cardon Oil Company and perhaps other parties to the District Court Actions. That declaratory relief action will seek a ruling from the Court that neither defense nor indemnity is owed under the policy. That action will also seek reimbursement of any defense costs paid to or on behalf of any person or entity claiming entitlement to defense or indemnity under the policy.

Plaintiff's Exhibit A. Thus, it is undisputed that the Cardon defendants were aware of Omaha Indemnity's intention to seek reimbursement of legal expenditures.

The Cardon defendants deny that they are required to reimburse such costs of defense. Defendants did not respond to the reservation of rights letter. Defendants state that they never indicated any understanding or agreement that the reservation of rights with regard to recovery of defense costs was accepted by them. Defendants therefore argue that a "unilateral reservation of rights is insufficient to require reimbursement of costs of defense." Defendants' Motion in Opposition at 5. The court has previously ruled that California law applies to this action and will consider under California law whether the silence of the insured in accepting the defense with reservation of rights is sufficient to require reimbursement.

California law clearly allows insurers to be reimbursed for attorney's fees paid in defending insureds against claims for which there was no obligation to defend. *Western Employers Ins. Co. v. Arciero & Sons, Inc.*, 146 Cal.App.3d 1027, 194 Cal. Rptr. 688 (1983); *Safeco Title Ins. Co. v. Moskopoulos*, 116 Cal.App.3d 658, 172 Cal. Rptr. 248 (1981). However, an insurer is not entitled to recover litigation costs where the record does not reflect an agreement or understanding that the insured would reimburse if there was no duty to defend. *St. Paul Mercury Ins. Co. v. Ralee Engineering Co.*, 804 F.2d 520, 522 (9th Cir.1986). Defendants argue that their silence cannot constitute acquiescence and cite *Insurance Company of the West v. Haralambos Beverage Co.*, 195 Cal.App.3d 1308, 241 Cal.Rptr. 427 (1987) as support for this proposition. In *Haralambos*, the court refused to grant summary judgment for the insurer on the issue of the insurer's right to reimbursement because it found that the insurer "has not proven the existence of an agreement or understanding between the parties on this point." *Id.* at 1323, 241 Cal.Rptr. 427. In both *Haralambos* and *St. Paul*, however, the reservation of rights letters sent by the insurers made

no reference to reimbursement of litigation expenses.

■ Omaha Indemnity's reservation of rights letter explicitly advised defendants that it was reserving its right to seek reimbursement and would seek such reimbursement in a court action. In such a case where the insurer expressly reserves its right to recover litigation expenses and the insured is silent, it has been stated that:

> ... the insured's silence will usually be deemed acquiescence. Courts have in general been fairly liberal in implying reservations. [Citations] The authorities are split on the circumstances in which a unilateral reservation of rights will preserve the rights of the insurer. [Citations] Thus, it has been said that the courts are liberal in implying a reservation of rights and deeming the insured's acceptance of the defense to be acquiescence. [Citation] On the other hand, it has been said that if the insured expressly refuses to consent to a reservation of rights, a unilateral reservation is ineffective; the insurer must make an election whether to defend or refuse to defend.

*Val's Painting and Drywall, Inc. v. Allstate Insurance Co.,* 53 Cal.App.3d 576, 586, 126 Cal.Rptr. 267 (1976). Defendants have offered no evidence that they expressly refused to consent to Omaha Indemnity's reservation of rights. Therefore, the court holds that Omaha Indemnity adequately reserved its right to recovery of litigation expenses in the consolidated actions.

■ Defendants argue that Omaha Indemnity is barred from recovering its expenses by its own bad faith in defending the consolidated actions. Defendants state that Omaha Indemnity delayed its payment of certain invoices for attorney's fees, made only partial payments in regard to others and disputed legitimate items in the invoices. Defendants allege that they have been damaged by Omaha Indemnity's actions because these actions "resulted in great tension between the Cardon defendants and their counsel." Defendant's Memorandum in Opposition at 3. Omaha Indemnity denies these allegations and argues that they are irrelevant to this proceeding since defendants are free to pursue a bad faith cause of action against Omaha Indemnity. The court does not believe that such allegations, even if assumed to be true, rise to such a level so as to defeat Omaha Indemnity's right to recover monies that it actually paid on the Cardon defendants' behalf.

■ Plaintiff requests an award against the Cardon defendants in the amount of $495,754.13, plus interest running from December 11, 1987, the date the court's declaratory judgment was entered. Plaintiff has submitted declarations and copies of drafts reflecting monies paid by Omaha Indemnity to the Cardons' defense counsel in the consolidated actions. After reviewing these documents, the court finds that plaintiff is entitled to reimbursement in the amount of $495,754.13 from the Cardon defendants. Interest on this award shall run from the date of the filing of this order rather than the court's previous order since that order did not establish plaintiff's entitlement to reimbursement.

In accordance with the foregoing, it is hereby ordered that:

(1) plaintiff's motions for summary adjudication and an order reimbursing attorney's fees are granted;

(2) defendants' motion to strike is denied; and

(3) an award for reimbursement of litigation expenses is proper and awarded in the amount of $495,754.13.