807 F.Supp. 85 (1992)
MARK TWAIN KANSAS CITY BANK, et al., Plaintiffs,
v.
LAWYERS TITLE INSURANCE CORPORATION, Defendant.
No. 4:92CV00122 GFG.
United States District Court, E.D. Missouri, E.D.
November 18, 1992.
Charles A. Seigel, III, Partner, Gallop and Johnson, Jay L. Levitch, Partner, Charles A. Seigel, Sr., Managing Partner, Stolar Partnership, St. Louis, Mo., for plaintiffs.
Theodore H. Hellmuth, President, James J. Virtel, Partner, Armstrong and Teasdale, St. Louis, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on cross-motions for summary judgment.
Plaintiffs Mark Twain Kansas City Bank (Mark Twain KC) and Mark Twain Bank bring this action against defendant Lawyers Title Insurance Corporation for vexatious refusal to pay benefits under a title insurance policy. Jurisdiction is based on diversity of citizenship. Plaintiffs are Missouri banking corporations while defendant is a Virginia corporation with its principal place of business in Virginia.
The material facts are not disputed. On July 10, 1986, Mark Twain KC agreed to lend Green River Associates, a limited partnership, $3.1 million to be secured by a mortgage on Green River's mobile home park located in California. Kroh Brothers Equity (KBE), the general partner of Green River, executed the mortgage on that same day. Mark Twain KC contracted with Lawyers Title to insure the mortgage. The title insurance policy specifies July 11, 1986 at 11:30 a.m. Pacific Standard Time (PST) as the "Date of Policy" because that is the date and time when Lawyers Title *86 recorded the mortgage in California.[1] Plaintiffs assert that Mark Twain KC fully participated this loan to its St. Louis affiliate, Mark Twain.
Plaintiffs knew from experience that the title insurer could assume responsibility for disbursement of the loan for an additional fee but Mark Twain KC allowed Mark Twain to disburse the funds. An officer with Mark Twain spoke with an officer of KBE who instructed him to wire the loan proceeds for deposit on behalf of Green River in the bank account of Kroh Brothers Development Company (KBD), the parent corporation of KBE, because Green River did not have a bank account. That same day at 12:21 p.m. PST the transfer was completed to KBD's account.
Green River failed to repay the loan. When the Bank sought to foreclose the mortgage, Green River initiated suit in Missouri state court challenging the validity of the note and the deed of trust given to secure it. Subject to a reservation of rights, Lawyers Title provided Mark Twain KC's defense against Green River's attack. Ultimately, the Missouri Court of Appeals concluded that the Green River note and deed of trust were invalid for failure of consideration except to the extent of $45,000, the amount that Green River actually received. Green River Assoc. v. Mark Twain Kansas City Bank, 808 S.W.2d 894 (Mo.Ct.App.1991). In reaching this conclusion the court states that Mark Twain KC had "actual knowledge of the duty of KBE to deposit all funds belonging to the partnership in a partnership account." Id. at 897. Turning to Lawyers Title, plaintiffs requested coverage under the policy. Lawyers Title rejected the claim for coverage and plaintiffs initiated this suit to recover for their alleged losses under the policy.
Plaintiffs contend that a provision in the title insurance policy covering "the invalidity or unenforceability of the lien of the insured mortgage" extends coverage to the instant situation.[2] Lawyers Title disagrees with plaintiffs' initial premise that the policy insures against lack of consideration for the note secured by the insured deed of trust but further offers several policy exclusions and conditions which prevent coverage in this instance. Most pertinent to this analysis are the policy provisions that exclude coverage for "[d]efects, liens, encumbrances, adverse claims, or other matters (a) created, suffered, assumed or agreed to by the insured claimant ... [or] (d) attaching or created subsequent to Date of Policy (except to the extent insurance is afforded herein as to any statutory lien for labor or material or to the extent insurance is afforded herein as to assessments for street improvements under construction or completed at Date of Policy)."
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). Under Rule 56(e), a party opposing a properly supported motion for summary *87 judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).
Courts should strictly construe against the insurer and in favor of the insured any provision limiting liability or excluding matters from coverage. Brown v. St. Paul Title Ins. Corp., 634 F.2d 1103, 1107 (8th Cir.1980).[3] Despite this strict construction, the policy clearly excludes coverage for defects attached or created subsequent to "Date of Policy" and unambiguously defines "Date of Policy" as embracing a specific date and time, that is, July 11, 1986 at 11:30. Although the faulty disbursement took place only fifty-one minutes later, the defect was created after the "Date of Policy" and hence is excluded from coverage. Plaintiffs currently argue that the policy's reference to a particular time has no bearing on coverage but this position is inconsistent with their earlier request that Lawyers Title rectify the original inaccuracy in the specified time. Moreover, the Court's interpretation of the policy is fully consistent with the parties' understanding that Lawyers Title would assume responsibility for the disbursement for a separate and additional fee. The parties must have understood that the title insurance policy did not provide coverage for errors in disbursing the monies. See National Mortgage Corp. v. American Title Ins. Co., 299 N.C. 369, 261 S.E.2d 844, 848 (1980) (concluding that similar insurance provision excluded coverage for defect resulting from disbursement that occurred after date of policy). Plaintiffs contend that the policy's exceptions to the exclusion illustrate the type of defects excluded from coverage by this provision. The Court does not find this argument persuasive and concludes that plaintiffs' loss is excluded from coverage.
Moreover, the exclusion for defects "created, suffered, assumed or agreed to by the insured claimant" also applies to these circumstances. Although both sides rely on dicta in various cases to explain the scope of the "created" aspect of this exclusion, see, e.g., Brown, 634 F.2d at 1107-08 n. 8 (noting that other cases state that exclusion applies only if defect results from intentional misconduct or inequitable dealings and not mere negligence); Safeco Title Ins. Corp. v. Moskopoulos, 116 Cal. App.3d 658, 172 Cal.Rptr. 248, 253 (1981) (citing "conscious, deliberate causation" as a definition for "created"), the Court believes that the act of transferring monies to an account other than that of the borrower, under circumstances such that the Bank knew or should have known that this transfer was not proper, which then causes the note and deed of trust to fail because the borrower does not receive a substantial portion of the loan, "creates" the defect as that word is used in this policy exclusion. Accordingly, the Court will grant defendant's motion for summary judgment.
NOTES
[1] The time originally specified was "8:30." Upon receipt of the policy, Mark Twain KC's attorney notified Lawyers Title that the time should be changed to 11:30 inasmuch as that was when the mortgage was recorded. Lawyers Title issued a corrected schedule reflecting this revision.
[2] TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS CONTAINED IN SCHEDULE B AND THE PROVISIONS OF THE CONDITIONS AND STIPULATIONS HEREOF, LAWYERS TITLE INSURANCE CORPORATION ... insures ... against loss or damage ... sustained or incurred by the insured by reason of:
* * * * * *
5. The invalidity or unenforceability of the lien of
the insured mortgage upon said estate or interest except to the extent that such invalidity or unenforceability, or claim thereof, arises out of the transaction evidenced by the insured mortgage and is based upon
a. usury, or
b. any consumer credit protection or truth in lending law[.]
[3] The parties do not explicitly address which law applies to this Court's decision. Defendant appears to consider California law as that applicable to this situation while plaintiffs assert that Missouri law should control. This is a false conflict of laws, however, because the decision to apply Missouri or California law would not alter the outcome of these motions.