James Luard WALLIS; et al., Plaintiffs–Appellants,

v.

CENTENNIAL INSURANCE COMPANY, INC., a New York corporation and Atlantic Mutual Insurance Company, Inc., a New York corporation, Defendants–Appellees.

No. 14–15555.

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2016.*

Filed March 21, 2016.

Joel C. Baiocchi, Law Office of Joel C. Baiocchi, Dutch Flat, CA, Joanna R. Mendoza, Law Offices of Joanna R. Mendoza, Granite Bay, CA, Margaret Carew Toledo, Stacy E. Don, Esquire, Toledo Don LLP, Roseville, CA, for Plaintiffs–Appellants.

---

* The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David A. Evans, Gary Robert Selvin, Esquire, Selvin Wraith Halman LLP, Oakland, CA, for Defendants–Appellees.

Before: BYBEE and N.R. SMITH, Circuit Judges and KORMAN,** Senior District Judge.

MEMORANDUM ***

Dale M. Wallis, D.V.M. ("Dr. Wallis"), James L. Wallis ("Mr. Wallis"), and Hygieia Biological Laboratories, Inc. ("Hygieia") (collectively "Appellants") appeal the district court's judgment and award in favor of Centennial Insurance Company ("Centennial") and Atlantic Mutual Insurance Company ("Atlantic Mutual") on Centennial's counterclaim for reimbursement of costs incurred in defending Appellants against a motion for sanctions in the underlying action. We affirm.

1. Centennial and Atlantic Mutual were not required to comply with the pre filing requirements of California Insurance Code section 1616, because Centennial and Atlantic Mutual were not "nonadmitted" insurers.[1] Dr. Wallis purchased a professional liability insurance policy from Centennial in 1988, when Centennial and Atlantic Mutual were admitted to transact business in California.[2] In 2011, Centennial and Atlantic Mutual were placed in liqui-

dation, and each became an "insolvent insurer." See Cal. Ins.Code § 1063.1(b). Claimants of insolvent insurers are protected by the California Insurance Guarantee Association ("CIGA"). Hawthorne Sav. F.S.B. v. Reliance Ins., 421 F.3d 835, 857 (9th Cir.), amended and superseded by 433 F.3d 1089 (9th Cir.2006). Thus, Appellants are protected by CIGA, not section 1616 of the California Insurance Code. See id. at 858.

2. The district court did not clearly err in finding that Centennial and Atlantic Mutual are indistinguishable for purposes of determining who paid Appellants' attorneys' fees for the sanctions litigation, because both companies' names were on the checks. See Neptune Orient Lines, Ltd. v. Burlington N. & Santa Fe Ry., 213 F.3d 1118, 1119 (9th Cir.2000) ("Factual determinations are reviewed for clear error."). Further, Appellants argued at trial that Centennial and Atlantic Mutual should be treated as one.

3. The district court did not abuse its discretion by permitting Centennial and Atlantic Mutual to present evidence of damages at trial after finding that, even if the companies failed to comply with Federal Rule of Civil Procedure 26(a) initially, such noncompliance was harmless under Federal Rule of Civil Procedure 37(c)(1). Even if the district court had erred, we would not reverse, because Appellants were not prejudiced. See Freeman v. Allstate Life Ins., 253 F.3d 533, 536 (9th Cir.2001) ("Evidentiary rulings are re-

** The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Accordingly, Appellants' Motion to Strike Appellees' Answering Brief is denied.

2. We take judicial notice of Centennial and Atlantic Mutual's Exhibits 1–4, and 6 of Gary Sevin's declaration in support of Appellees Opposition to Appellants' Motion to Strike under Federal Rule of Evidence 201 and Ninth Circuit Rule 27–1.

viewed for an abuse of discretion and should not be reversed absent some prejudice.").

4. The district court did not err in awarding Centennial and Atlantic Mutual reimbursement of defense costs for the sanctions litigation. " 'California law clearly allows insurers to be reimbursed for attorney's fees' and other expenses 'paid in defending insureds against claims for which there was no obligation to defend.' " *Buss v. Super. Ct.*, 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766, 776 (1997) (quoting *Omaha Indem. Ins. v. Cardon Oil Co.*, 687 F.Supp. 502, 504 (N.D.Cal.1988)). Centennial's insurance policy covered damages for injuries arising out of Dr. Wallis's actions or inactions resulting from her status as a veterinarian. The policy did not cover damages arising from misconduct during litigation. Further, the California Insurance Code clarifies that "[a]n insurer is not liable for a loss caused by the wilful act of the insured," Cal. Ins.Code § 533, including court-imposed sanctions,[3] *see Cal. Cas. Mgmt. Co. v. Martocchio*, 11 Cal.App.4th 1527, 15 Cal.Rptr.2d 277, 281–82 (1992).

**AFFIRMED.**

---

**3.** Appellants cite *Downey Venture v. LMI Ins.*, 66 Cal.App.4th 478, 78 Cal.Rptr.2d 142 (1998), for the proposition that, even if indemnification of a claim is precluded by section 533, an insurer may still have a duty to defend. However, *Downey Venture* is distinguishable because, in that case, the insurance policy specifically covered the wilful conduct at issue. *See id.* at 160.

