[No. D009243. Fourth Dist., Div. One. Oct. 18, 1990.]

CALIFORNIA UNION INSURANCE COMPANY, INC., et al., Plaintiffs and Appellants, v.
POPPY RIDGE PARTNERS et al., Defendants and Appellants.

[Opinion certified for partial publication.[1]]

---

[1] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the section entitled FACTS and part A of the section entitled DISCUSSION.

898

COUNSEL

Mendes & Mount, Donald K. Fitzpatrick and Charles G. Carluccio for Plaintiffs and Appellants.

Muns, Mehalick & Lynn, M. Richardson Lynn, Jr., and James D. Crosby for Defendants and Appellants.

OPINION

**TODD, J.**—After a trial by the court sitting without a jury, California Union Insurance Company, Inc., and Allianz Underwriters, Inc., (collectively, Cal Union) appeal an adverse judgment in their action to recover approximately $720,000 paid under a reservation of rights to Cal Union's insured, Poppy Ridge Partners (Partners), a partnership engaged in a co-generation project producing electricity from natural gas fueled generators. The $720,000 was paid after a gas well failure which was the risk against which Cal Union had issued two identical policies of insurance.

Partners cross-appeals from a portion of the judgment awarding Cal Union salvage value in the amount of $220,000 pursuant to a provision in the insurance contract.

Cal Union contends no evidence exists to support the trial court's decision that Partners did not fail to disclose conditions which affected the risk; the court erred prejudicially in failing to find on several material issues; the judgment in its favor against Partners should include the individual members of the partnership; and the court erred in limiting the testimony of Cal Union's expert. Finding no merit in these contentions, we affirm the judgment against Cal Union.

In its cross-appeal Partners contends Cal Union's claim for salvage value is barred because they failed to reserve any rights based on salvage value at the time of payment to the insured and because of the passage of time in excess of the one-year contractual limitation period contained in the policies. Concluding these contentions are unmeritorious, we affirm the judgment against Partners.

FACTS*

. . . . . . . . . . . . . . . . . . . . .

DISCUSSION

A. CAL UNION'S APPEAL*

. . . . . . . . . . . . . . . . . . . . .

B. PARTNERS' CROSS-APPEAL

I

■ Partners contends Cal Union's claim for salvage value is barred because they failed to reserve any rights based on the salvage value at the time of payment to Partners. Partners' argument is that since the letters setting forth a reservation of rights stated "an identical basis for the payment under a reservation of rights, namely, a stated policy exclusion pertaining to the insured's 'willful acts' and a separate exclusion for withdrawal by the insured of gas resource in excess of 669,000 cubic feet per day," Cal Union is not entitled to make a claim for salvage value as provided for in the policies.[7]

---

*See footnote 1, *ante*, page 897.

[7]Paragraph 19 in the policies provides: " . . . In the event of a partial or total loss, any salvage value of the equipment shall first accrue to the benefit of the Company to the extent of

The letters accompanying Cal Union's three payments contained the following language pertaining to a reservation of rights: "[P]lease be aware that by tendering these checks the insurance companies do not waive, surrender, and/or in any way impair the right they have to deny coverage on the above-described policies . . . . Without either party having to waive, surrender, or violate any rights or legal positions which they may have, the insurers in good faith are advancing the checks enclosed herein in order for the insured to maintain its loan and to prevent any adverse consequences to the insured while the insurance companies complete their investigation of the facts and circumstances of this loss . . . . [¶] IT IS THE INTENT OF THE INSURANCE COMPANIES THAT NEITHER THE INSURED NOR THE INSURANCE COMPANIES WAIVE, SURRENDER AND/OR IN ANY WAY IMPAIR ANY RIGHTS WHICH EACH RESPECTIVELY POSSESS AT THIS TIME." (Nov. 26 and Dec. 23, 1985, letters, pp. 1-2 and 3.)

The November 26, and December 23, 1985, letters contain a section entitled "BASIS OF RESERVATION OF RIGHTS," followed by text reading in part:

"The insurance policy issued to insured, Poppy Ridge Partners provides as follows:

" '7. *Exclusions:* The Company shall not be liable hereunder for loss caused by or resulting from:

" 'a. the Insured's willful acts;

" '. . . . . . . . . . . . . . . . . . .

" 'x. withdrawal by the Insured of gas resource in excess of 669,000 cubic feet per day.' "

The January 30, 1986, letter contains a sentence reading, "We continue to believe that the insured has violated the contract and there is no coverage under the above stated policies."

---

loss incurred by the Company. *However, any equipment required for the operation of the facility shall not be subject to salvage.*" (Italics added.)

Other pertinent policy provisions read:

Paragraph 6a, page 2: "*Project or Facility* means the property supplied and/or installed as shown in the *Schedule.*"

Paragraph 3, page 1 (Schedule): "PROJECT DESCRIPTION & LOCATION: " Electric power generation from two 700 kilowatt natural gas-fired generators using gas resource from the Poppy Ridge No. 4 gas well located 15 miles south of Sacramento, California."

Contrary to Cal Union's argument, we view the record as reflecting Partners adequately raised the issue in its motion *in limine* No. 1 argument seeking to apply the *McLaughlin* case, cited *post,* and stating, among other things, "plaintiffs should be precluded from even relying upon these additional contract bases for seeking recovery from defendants."

Partners's argument fails to distinguish the concept of what rights were reserved from the concept of what was the basis of the reservation of rights. To make its point Partners mixes those concepts together and states a non sequitur. It does not follow logically or otherwise that because Cal Union stated certain policy provisions as *bases* for exercising a reservation of rights, they may not claim whatever *rights* they have under other provisions of the policies. The cases Partners cites do not stand for that proposition. (See *Insurance Co. of the West* v. *Haralambos Beverage Co.* (1987) 195 Cal.App.3d 1308, 1322-1323 [241 Cal.Rptr. 427] [existence of an understanding that insured would reimburse insurer in noncoverage situation for defense costs is a factual question barring summary judgment for insurer]; *St. Paul Mercury Ins. Co.* v. *Ralee Engineering Co.* (9th Cir. 1986) 804 F.2d 520, 522 [affirming a judgment denying insurer defense costs in no coverage situation where facts suggested there was an understanding insurer would not seek reimbursement of those costs]; *McLaughlin* v. *Connecticut General Life Ins. Co.* (N.D.Cal. 1983) 565 F.Supp. 434, 450-453 [insurer's unreasonable interpretation of coverage clause of policy and failure to make an adequate investigation prevent it from later raising another basis for denial of claim and entitle insured to judgment on breach of contract cause of action].)

The above-quoted portions of the letters, particularly the capitalized last sentence of each of the first two letters referring to "any rights," adequately reserved Cal Union's rights under the policies including the right to seek salvage value. (See *St. Paul Mercury Ins. Co.* v. *Ralee Engineering Co., supra,* 804 F.2d 520, 522.)

## II

Partners next contends Cal Union's salvage value claim is barred by the one-year contractual limitation period contained in the policies[8] since the well in question stopped producing in September 1985, Cal Union made its last payment under reservation of rights in January 1986 and the action was not commenced until March 1987.

When the trial began, Partners objected to the introduction of any evidence by Cal Union based on the one-year contractual limitation period in

---

[8] The policies contain the following provision in a section labeled "Conditions":

"No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim, provided however, that if by the laws of the state within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time provided by the laws of such state."

the policies. The trial court overruled the objection for the stated reasons that the contractual limitation clause relates to claims under the policy by the insured and Partners did not allege the "statute of limitations" as an affirmative defense.

We uphold the trial court's determination. The trial court correctly interpreted the phrase "twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim" as indicating the limitation period applies only to claims by the insured. In referring to the event which triggers coverage under policies of insurance, i.e., an "occurrence," and to discovery "by the insured," not by the insurer, the phrase is reasonably to be read as disclosing the signatories' intent that the 12-month limitation applies only to any claim under the policy by the insured. Thus, we hold the limitations period cannot be applied to a claim by the insurer as well as a claim by the insured.

■ Even assuming the contractual limitation in the policy has application to the insurer, the trial court was correct in ruling the insured may not successfully assert the running of the contractual limitations period without pleading it as an affirmative defense. Although Partners argues it was not required to plead the bar, Partners advances no substantive, convincing reason for distinguishing it from a statutory limitations period which is a personal privilege affecting the remedy only and waivable in advance, by contract, or by failure to plead it. (See 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 314, p. 345.) Since the limitations period we consider is a bargained-for contractual one, it is more personal than a statutory period of limitations. For some purposes contractual and statutory limitations periods have been treated similarly. (See *Lawrence* v. *Western Mutual Ins. Co.* (1988) 204 Cal.App.3d 565, 573 [251 Cal.Rptr. 319].) We conclude the contractual limitations period should be treated the same as a statutory one, as an affirmative defense that must be pled as such or is waived. Partners's general denial that Cal Union performed the conditions of the insurance contracts is not sufficient to preserve the defense.

■ Again assuming the contractual limitation period in the policy has application to the insurer, under the facts of this case the 12-month period did not run. This is because "the extent of the loss incurred by the Company"[9] is not determined in cases such as this (when the insurer makes payments under a reservation of rights) until the insurer's duty to pay on the loss is established. Until that determination is made, thus fixing the extent of loss incurred by the insurer, the insurer has no claim on any salvage.

---

[9]The salvage value clause reads in part: "In the event of a partial or total loss, any salvage value of the equipment shall first accrue to the benefit of the Company *to the extent of loss incurred by the Company*." (Italics added.)

Here, the judgment on the coverage issue is the event which commences the running of the limitations period in the policy, assuming it could be applied to the insurer.

The trial court did not err in denying Partners the contractual limitations defense.

### DISPOSITION

Judgment affirmed. Each party to bear its own costs on appeal.

Wiener, Acting P. J., and Work, J., concurred.