NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM SCOLLARD, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE FARM GENERAL INSURANCE COMPANY, <br><br> Defendant - Appellee. | No. 23-55747 <br><br> D.C. No. 2:21-cv-06145-PSG-PVC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted October 23, 2024
Pasadena, California

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

William Scollard sued State Farm after it denied his insurance claim alleging that two antique items, worth $126,000, were stolen from his vehicle. The district court granted summary judgment to State Farm, finding that Scollard's suit was time-barred under the homeowners policy's one-year limitation period. Scollard

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. On appeal, Scollard argues that Emergency Rule 9, enacted by the California Judicial Council in response to COVID-19, tolls the policy's limitations provision. But Rule 9 only tolls "statutes of limitations and repose[.]"[1] Scollard argues that, because the limitation provision in the policy is mandated by California Insurance Code section 2071, it should be considered a statute of limitation and thus be tolled under Rule 9.[2] We are not convinced.

Courts have long distinguished contractual limitation periods and statutes of limitation. *See, e.g.*, *Withrow v. Halsey*, 655 F.3d 1032, 1035 (9th Cir. 2011). California law also at times distinguishes statutes of limitation, enacted by the legislature, from contractual limitation periods, which are bargained-for terms between the parties.[3] *Great Am. W., Inc. v. Safeco Ins.*, 226 Cal. App. 3d 1145, 1151 (1991) ("Limitations periods in insurance policies are not 'statutes' of limitation; they are contractual limitations on the insurer's liability.").

Scollard argues that California's appellate courts sometimes treat contractual

---

[1] Judicial Council of Cal., *Advisory Comm. Comment to Emergency Rule 9*, https://www.courts.ca.gov/documents/appendix-i.pdf.
[2] California's Insurance Code requires all policies that provide coverage against loss by fire, among other risks, to incorporate section 2071's terms, or terms "substantially equivalent to or more favorable to the insured[.]" Cal. Ins. Code §§ 102, 2070, 2071.
[3] We look to state substantive law in diversity actions, including the state's statutes of limitation. *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011).

limitation periods and statutes of limitation as the same. *See, e.g.*, *Cal. Union Ins. Co. v. Poppy Ridge Partners*, 224 Cal. App. 3d 897, 903 (1990) (a "contractual limitations period should be treated the same as a statutory one, as an affirmative defense that must be pled as such or is waived" because each is a "personal privilege"). More specifically, the California Court of Appeal has decided that, in certain circumstances and for some purposes, policy terms mandated by Insurance Code section 2071 are properly treated as a statute of limitation. *20th Century Ins. Co. v. Superior Ct.*, 90 Cal. App. 4th 1247, 1272 (2001). And *20th Century* did state, as a general matter, that "Insurance Code section 2071's mandated provisions are treated identically to statutes of limitation." *Id*. But the underlying circumstances in *20th Century* are readily distinguishable from this case.

First, *20th Century* considered a statute that was exclusively intended to bring homeowners insurance policyholders relief after the Northridge earthquake. *Id.* at 1267-68 & n.21. As such, the only limitation periods to which section 340.9 could possibly apply were those contained in the earthquake victims' insurance policies. *Id*. at 1277 ("Since all the victims' policies contain the one-year contractual limitations period, to interpret section 340.9 as not applying to that limitations period would, in effect, completely nullify the statute."). Not so here. Because Rule 9 arises from the much broader context of COVID-19 and applies widely to all statutes of limitation, excluding contractual limitation periods contained in homeowners

policies from the Rule's scope does not defeat the entire purpose of the Rule.

2. Neither does the language of Rule 9 support reading it as applying to contractual limitation periods such as this one. The statute at issue in *20th Century* provided that claims arising out of the Northridge Earthquake would be revived "[n]otwithstanding any other provision of law *or contract*[.]" *Id.* at 1276–77 & n.33. The drafters of that provision intentionally added "or contract" knowing that the earthquake policies were written pursuant to section 2071. *Id.* at 1276 n.32. Despite this ready example of language tolling both statutes of limitation *and* contractual limitation periods, the drafters of Rule 9 did not include "or contract" in Rule 9. And although the Advisory Committee Comment instructs that Rule 9 be applied broadly, it once again makes no mention of limitation periods contained in contracts. Absent any specific indication otherwise, there is no basis in California law to infer that the Judicial Council intended Rule 9 to toll contractual limitation periods.

We hold that Rule 9 does not apply to Scollard's claims because Rule 9 tolls only statutes of limitation, not limitation provisions contained in contracts like Scollard's Policy. Scollard's suit was thus time-barred.

**AFFIRMED.**