**ST. PAUL MERCURY INSURANCE COMPANY, Plaintiff-Appellee, Cross-Appellant,**

v.

**RALEE ENGINEERING COMPANY, a corporation, et al, Defendants-Appellants, Cross-Appellees.**

**Nos. 85–6544, 85–6565.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 5, 1986.

Decided Sept. 19, 1986.

Designated for Publication Nov. 12, 1986.

---

Richard Neumeyer, Grace, Neumeyer & Otto, Los Angeles, Cal., for plaintiff-appellee.

Dale Robert Pelch, Hahn & Hahn, Pasadena, Cal., for defendants-appellants.

Before SCHROEDER, CANBY, and THOMPSON, Circuit Judges.

SCHROEDER, Circuit Judge.

This is a declaratory judgment action by an insurer, St. Paul Mercury Insurance Company, against an insured, Ralee Engineering Company. Ralee appeals the order of the district court granting St. Paul's motion for summary judgment on the issue of policy coverage. St. Paul cross-appeals the portion of the district court's judgment that denied St. Paul reimbursement for the costs expended on behalf of Ralee prior to St. Paul's determination that it had no duty to defend.

In 1983, a former Ralee employee, Frederico Torres, brought an action against Ralee in California Superior Court alleging wrongful termination of his employment contract and intentional infliction of emotional distress. Torres and his wife had cancer and collected benefits through Ralee's group insurance plan. The complaint alleged that after Torres returned to work, Ralee maliciously and willfully harassed Torres and made him work long hours in an attempt to cause him to resign.

Ralee was insured under a policy issued by St. Paul. Ralee requested that St. Paul defend it in the Torres action. St. Paul originally agreed to do so, but reserved its right to assert noncoverage at a later time. It stated in a letter to Ralee that the policy did not cover intentional acts or punitive damages. The portion of the policy upon which it relied provides:

> Your general liability protection covers you and other persons protected under this agreement against claims for bodily

injury or damage to tangible property resulting from an accidental event.... [F]or us to pay a claim, the accidental event must take place while this agreement is in effect and must be something you didn't expect or intend to happen.

■ In this declaratory judgment action based upon diversity jurisdiction, the district court correctly found that St. Paul's policy coverage for accidental events does not extend to the intentional discharge of an employee. St. Paul, therefore, has no duty to defend the employee's action against Ralee.

California law controls. In *St. Paul Fire and Marine Insurance Co. v. Superior Court (Yuba County)*, 161 Cal.App.3d 1199, 1202, 208 Cal.Rptr. 5, 7 (1984), the California Court of Appeal held that an insurer was not obligated to defend its insured in an action for intentional, wrongful termination of employment, where the policy extended coverage only for claims "resulting from an accidental event."

■ Under California law, an insurer is obligated to defend an action if a "potential" for liability for non-intentional conduct exists. *Val's Painting & Drywall, Inc. v. Allstate Insurance Co.*, 53 Cal.App.3d 576, 582, 126 Cal.Rptr. 267, 270 (1975). Ralee contends that despite the plain language of Torres' complaint, which alleges intentional and deliberate conduct, Torres' claim represents a clear potential for damages based upon negligence, and, therefore, St. Paul has an obligation to defend the action. *Yuba County*, however, interpreted comparable facts and identical policy language and concluded that the claim was not covered by the policy. Ralee attempts to distinguish *Yuba County* by noting that there the insured employer was a public entity and could be found liable only if it acted knowingly and in bad faith. The majority opinion in *Yuba County*, as opposed to the concurrence, rests on no such distinction.

■ Ralee maintains that St. Paul has waived its right to assert noncoverage. California law, however, permits an insurer to raise a noncoverage defense after it has undertaken the defense if it has adequately reserved its right to assert the defense at a later time. *Gray v. Zurich Insurance Co.*, 65 Cal.2d 263, 279, 419 P.2d 168, 178, 54 Cal.Rptr. 104, 114 (1966). In its letter to Ralee, St. Paul stated that:

For the foregoing reasons, in undertaking your defense, or conducting any investigation it is to be clearly understood we are not waiving any right we have to deny coverage or refuse to defend you further at any future time, and we hereby specifically reserve our right to do so without prejudice to any other rights you or we may have under the policy.

This was an adequate reservation.

■ St. Paul cross-appeals from the district court's conclusion that St. Paul was not entitled to reimbursement for the money expended defending Ralee. St. Paul principally relies upon *Western Employers Insurance Co. v. Arciero & Sons, Inc.*, 146 Cal.App.3d 1027, 194 Cal.Rptr. 688 (1983). There, the court of appeal's holding that there was no duty to defend resulted in an award of amounts expended by the insurance company in the defense of the action and settlement of the claim. *Id.* at 1029, 194 Cal.Rptr. at 688. It is apparent that the court assumed, and the parties understood, that in that particular case such relief would follow if there was no duty to defend. The case does not hold as a matter of law that amounts expended by an insurance company in partial defense of an action are always reimbursable in the event that a court should find there was no duty to defend. The issue of reimbursement was not disputed.

In this case, the record does not reflect an understanding between the parties that Ralee would reimburse St. Paul if St. Paul eventually decided not to defend. Indeed, the language of St. Paul's letter to its insured, reserving its rights and stating that it might "refuse to defend you *further* at any future time" (emphasis supplied), suggests a contrary understanding.

The opinion of the California Supreme Court in *Johansen v. California State*

*Automobile Association Inter-Insurance Bureau,* 15 Cal.3d 9, 538 P.2d 744, 123 Cal.Rptr. 288 (1975), provides no more support for the cross-appellant's position. The court there stated in dicta that if the insurer reserves rights and accepts a reasonable settlement offer, it may seek reimbursement of the settlement payment if it can subsequently establish noncoverage. *Id.* at 19, 538 P.2d at 750, 123 Cal.Rptr. at 294. It said nothing about litigation costs.

For the foregoing reasons, the judgment of the district court is affirmed.