**NORTH ATLANTIC CASUALTY AND SURETY INSURANCE CO., Plaintiff,**

v.

**WILLIAM D., individually, and William F.D., Inc., a California corporation, Defendants.**

No. C–89–20565 (SW).

United States District Court, N.D. California.

Sept. 12, 1990.

Ira Goldberg, Victoria Henley, Long & Levit, San Francisco, Cal., for plaintiff.

Peter Hoss, Noland, Hamerly, Etienne & Hoss, Salinas, Cal., for defendants.

ORDER GRANTING SUMMARY JUDG-
MENT TO PLAINTIFF *NUNC PRO
TUNC* July 26, 1990.

SPENCER WILLIAMS, District Judge.

This matter came before this Court on Plaintiff's Motion for Summary Judgment. Good cause having been shown, the motion is GRANTED.

BACKGROUND:

Defendants William D. ("Dr. D.") and William F.D., Inc. ("D., Inc.") are a dentist and a dentist office which obtained a professional liability insurance policy with plaintiff North Atlantic Casualty and Surety Insurance Co. ("NACS"). The pertinent terms of the policy are as follows (emphasis added):

Coverage B: The company will pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as damages because of any claim first made against the insured ... for bodily injury or property damage which is sustained ... arising out of the ownership, maintenance, or use of the insured premises, including: ...

Operations conducted at or from the insured premises, provided such operations are incidental to the practice of the profession of dentistry.

. . . . .

Defense and Settlement

(A) The Company shall have the right and duty to appoint counsel and defend any suit against the Insured seeking damages under Coverages A and B, even if any of the allegations of the suit are groundless, false, or fraudulent. All claims expenses incurred thereby are included within the limits of liability as stated in ... the Declarations.

. . . . .

2. Exclusions

This insurance DOES NOT apply under all coverages:

. . . . .

(e) To claim or claims arising out of any *intentional, dishonest, fraudulent, criminal, malicious, deliberately or knowingly wrongful acts, errors, or omissions* committed by or at the discretion of the Insured;

. . . . .

(h) To claim or *claims made by a present, former or prospective* partner,

officer, director, stockholder, or *employee of the Insured;*

This Insurance DOES NOT apply:

. . . . .

Under Coverage B—(Office Premises Liability) to claim or claims against an insured for:

(g) Bodily injury to any employee or fellow employee of the insured arising out of and in the course of his or her employment; but this exclusion does not apply to liability for bodily injury assumed by the insured under an incidental contracts as described in EXCLUSION (m) above.

PERSONS INSURED

Under Coverage B—(office premises liability): ...

(e) the Named Insured; ...

(g) if the Named Insured practices his or her profession as an employee-shareholder of a dental corporation, the dental corporation and any officer, director or shareholder thereof, but only with respect to the acts and omissions of others.

Exhibit D, Declaration of Ira Goldberg.

Defendants admit that Dr. D. installed a two-way mirror in a restroom in the dental office in December, 1987. Exhibit C, Goldberg Decl. (Dr. D. Deposition at 84, lines 3–6). Several of defendants' employees discovered the two-way mirror on October 19, 1988, and they terminated their employment with defendants about a week later. (One plaintiff-employee had stopped working in June, 1988.) The employees then reported Dr. D. to the police. The police obtained a search warrant, searched Dr. D.'s office, found the two-way mirror, and charged Dr. D. with violation of California Penal Code § 653n (misdemeanor for installing a two-way mirror in a restroom).[1] Defendant Dr. D. pleaded *nolo contendere* in the criminal action.

The former employees then filed suit in state court against defendants in this action for invasion of privacy, mental distress, nuisance, tortious breach of the covenant of good faith and fair dealing, misrep-

resentation, and constructive wrongful termination. *Jeanne Cowan, et al. v. Dr. D.,* Monterey Superior Court Action No. M21004 ("Cowan action"). The complaint in the Cowan action charged that defendant Dr. D. installed the two-way mirror so that he could observe the plaintiffs changing their clothes and using the toilet.

Initially, plaintiff NACS in this suit denied coverage to defendant Dr. D. for the Cowan action but eventually decided to pay for defendant Dr. D.'s counsel, Richard Harray. Plaintiff NACS wrote a letter to defendant through NACS claims employee Howard Luse, which stated in pertinent part:

In addition to the particular reservations listed above, NACS reserves all of its rights under the terms and provisions of the NACS policy including, but not limited to, the following:

. . . . .

2. The right to seek reimbursement from the insured for any an all monies paid by NACS should it be determined that no coverage exists under its policy;

. . . . .

NACS reserves the right to reimbursement of attorneys fees paid in the defense of this action. Exhibit A, Declaration of Howard Luse.

Plaintiff NACS paid $13,468.33 for the defense of defendant Dr. D. in the Cowan action.

The plaintiffs in the Cowan action settled the case with defendant Dr. D. Defendant Dr. D. claims that the reason he settled before trial was that he did not believe that he could pay for the trial costs by himself. Declaration of William D. at 7, lines 10–20. Plaintiff NACS did not pay any of the settlement money to plaintiffs in the Cowan action.

DISCUSSION:

Plaintiff NACS brings this summary judgment motion for a declaration that it is

1. Cal.Penal Code § 653n states: "Any person who installs or who maintains after April 1, 1970, any two-way mirror permitting observation of any restroom, toilet, bathroom, wash- room, shower, locker room, fitting room, motel room, or hotel room is guilty of a misdemeanor."

not bound to provide coverage under the insurance policy and that it is entitled to reimbursement for the costs expended in the defense in the Cowan action.

In a motion for summary judgment, the moving party has the burden of proof to show that there is no genuine issue of material fact for trial and that summary judgment is correct as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); F.R.C.P. 56(c). The moving party bears "the initial responsibility of informing the district court of the basis for its motion...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In meeting this requirement, the moving party is not required to negate the opponent's claim. *Id.* If the moving party satisfies this burden, the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Id.* 477 U.S. at 257, 106 S.Ct. at 2514–15; F.R.C.P. 56(e). The opposing party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. Mere disagreement or the bald assertion that there is a genuine issue of material fact is not enough to defeat a summary judgment motion. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552 (1986). The judge must ask "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. "The existence of a mere scintilla of evidence in support of plaintiff's position will be insufficient...." *Id.*

Because this suit is brought under diversity jurisdiction, California insurance law controls. *Allstate Ins. Co. v. Gilbert*, 852 F.2d 449, 451 (9th Cir.1988).

## I.  DUTY TO DEFEND

Defendants argue generally that the insurance policy covers the actions leading to the Cowan action because Dr. D. installed the two-way mirror as part of his maintenance, and Coverage B includes coverage for actions arising out of maintenance and repair. Defendants argue that Dr. D. installed the two-way mirror when the original mirror in the restroom broke. However, this argument fails because even if the two-way mirror was installed as part of maintenance, coverage is excluded under the specific exclusions discussed below.

■ Defendants argue that plaintiff's own "vacillation" concerning the question of coverage is proof of coverage. This is a form of weak estoppel or waiver: plaintiff's providing coverage is proof that coverage exists and plaintiff NACS cannot change its position now. However, defendants offer no authority for this position, and California case law clearly holds to the contrary. As long as the insurer reserves the right to contest coverage, which plaintiff NACS undisputedly did in the case at bar, then the court cannot later use the fact that the insurer provided coverage for the insured to prove that there is coverage. *Ins. Co. of the West v. Haralambos Beverage Co.*, 195 Cal.App.3d 1308, 1320, 241 Cal.Rptr. 427 (1987).

■ Although an insurance carrier has a duty to defend lawsuits against the insured, the insurance carrier is not required to defend actions not covered by the policy: "An insured is not covered for acts or omissions for which it is potentially liable if the underlying suit involves only acts the nature of which are clearly excluded from coverage." *Dyer v. Northbrook Property & Casualty Ins. Co.*, 210 Cal.App.3d 1540, 1547, 259 Cal.Rptr. 298 (1989). The insurer has the burden to prove that an exclusion applies. *Royal Globe Ins Co. v. Whitaker*, 181 Cal.App.3d 532, 537, 226 Cal.Rptr. 435 (1986). An exclusionary clause in an insurance contract is construed strictly against the insurer and liberally in favor of the insured. *Crane v. State Farm Inc. Co.*, 5 Cal.3d 112, 115–116, 95 Cal.Rptr. 513, 485 P.2d 1129 (1971). However, a court should give words their "plain and ordinary meaning" in construing the language of the contract. *St. Paul Mercury Ins. Co. v. Medical Lab Network*, 690 F.Supp. 901, 903 (C.D.Cal.1988).

### 1. *Exclusion for actions brought by employees*

■ Exclusion (h) specifically excludes all claims made by a "present, former, or prospective ... employee of the Insured" for bodily injury. Plaintiff argues that the claims for the Cowan action must have been brought for bodily injury and not property damage because lost wages and benefits are not "property damage." *Lassen Canyon Nursery, Inc. v. Royal Ins. Co.*, 720 F.2d 1016 (9th Cir.1983). It is absolutely clear that the plaintiffs in the Cowan action were employees of defendant Dr. D. Exhibit G, Goldberg Decl. (Answer to Interrogatory No. 13). Defendants do not refute this specific argument that exclusion (h) applies.

The Cowan action plaintiffs were employees, and the insurance policy specifically excludes coverage for claims for bodily injury brought by former or current employees. Therefore, even construing the insurance policy liberally in favor of the insured, exclusion (h) bars coverage.

### 2. *Exclusion based on actions in course of employment*

■ Exclusion (g) excludes coverage for bodily injuries to an employee arising out of or in the course of his or her employment. Plaintiff claims that because the injuries in the Cowan action resulted from the Cowan plaintiffs' use of the restroom at work that contained the two-way mirror, the injuries arose out of the normal course of their employment. Defendants argue that because the Cowan plaintiffs used the restroom "mostly for changing clothes to go jogging at lunch or after business hours," the injuries did not arise out of their employment. Dr. D. Decl. at 4. However, acts of "personal convenience" are within the course of employment if they are "reasonably related" to employment. *Price v. Workers' Comp. Appeals Board*, 37 Cal.3d 559, 568, 209 Cal.Rptr. 674, 693 P.2d 254 (1984). Using a restroom at work is a personal convenience reasonably related to employment because washing hands and using the toilet are normal actions people must take while working.

Although Dr. D.'s declaration states that the restroom was being used "mostly" for changing to go jogging, the declaration does not refute the allegation of the Cowan action complaint that the restroom was used generally as a restroom. Common sense indicates that the restroom, although used "mostly" for changing into jogging clothes, logically was used for other purposes. Thus, exclusion (g) applies.

### 3. *Exclusion based on criminal or intentional act*

■ Plaintiff argues that exclusion (e) applies because the Cowan action arose out of a criminal or intentional act by defendant Dr. D. Defendants argue that the exclusion applies only to acts which are both criminal *and* intentional. However, this interpretation of the insurance policy strains credulity. Plain English uses the word "or" to indicate alternatives. The insurance policy clearly states that there is no coverage for "intentional, ... criminal, ... *or* knowingly wrongful acts, errors, or omissions." Therefore, the policy excludes either criminal or intentional acts.

#### a. Constructive Termination

Plaintiff argues that constructive termination is an intentional act as a matter of law. *St. Paul Mercury Ins. v. Medical Lab Network*, 690 F.Supp. at 903. Defendants argue that there was no constructive termination because Dr. D. urged the Cowan action plaintiffs to remain employees, which they did for about a week after learning of the two-way mirror. Dr. D. Decl. at 5. However, because this issue is unclear, summary judgment cannot be granted to plaintiff on the issue of constructive termination.

#### b. Installation of the Two–Way Mirror

■ Plaintiff argues that the criminal and intentional act of installing the two-way mirror is an independent ground for exclusion. Dr. D. pleaded *nolo contendere* in the criminal action, but Dr. D. independently admitted that he installed the two-way mirror in his deposition and declaration submitted for this motion.

Defendants argue that Dr. D.'s action was negligent, not intentional, because Dr. D. installed the two-way mirror merely to repair the premises without any criminal intent. Defendants argue that the *nolo contendere* plea is not proof of a criminal action because the plea cannot be used as evidence in a civil proceeding. Cal.Penal Code § 1016(3) ("plea [of nolo contendere] may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based"). Defendants also argue that the criminal conviction for violation of Cal.Penal Code § 653n did not require proof of intent and thus the act was not intentional. However, the independent evidence of Dr. D.'s admission of installing the two-way mirror in the deposition for this action and the declaration for this action show that Dr. D. committed the intentional act underlying the torts in the Cowan action. Although Dr. D. claims that he did not have criminal intent in installing the mirror, he does admit that he freely and willingly installed the two-way mirror. Thus, his action was intentional, even if not necessarily criminal. In addition, this court finds that as a matter of law, Dr. D. violated Cal.Penal Code § 653n by installing the two-way mirror. Therefore, under exclusion (e), there are two separate exclusions under the coverage: one for an intentional act and one for a criminal act.

Lastly, defendants contend that conviction of a crime is not *per se* an intentional act precluding coverage under the intentional act exclusion. *Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978) (insurance company had duty to defend insured convicted of second degree murder); *J.C. Penney Cas. Ins. Co. v. MK*, 209 Cal.App.3d 1208, 257 Cal.Rptr. 801 (1989) (on appeal to the California Supreme Court) (insurance company had duty to defend insured who sexually molested a child); *but cf., Allstate Ins. Co. v. Gilbert*, 852 F.2d at 451 (act of child molestation is *per se* wilful and therefore

not covered under insurance policy). However, the rulings in *Clemmer v. Hartford Ins. Co.*, *J.C. Penney Cas. Ins. Co. v. MK*, and *Allstate Ins. Co. v. Gilbert* are inapplicable to the case at bar because those cases were decided under California Insurance Code § 533, a general provision barring coverage for wilful and intentional acts.[2] Section 533 bars coverage only when the act is done with a "preconceived design to inflict injury." *Clemmer v. Hartford Ins. Co.*, 22 Cal.3d at 887, 151 Cal.Rptr. 285, 587 P.2d 1098. Defendants argue that because there was no preconceived design to inflict injury, the act was not intentional. Defendants are correct in asserting that § 533 does not bar coverage in the case at bar. However, coverage is barred by the specific provision in the insurance policy in the case at bar which excludes criminal and intentional acts. The standards of defining an intentional or wilful act under § 533 do not apply to the standards of defining an intentional act under the insurance policy in question here. As discussed above, there is ample evidence to show that Dr. D. committed an intentional act. Therefore, exclusion (e) applies.

## II. RIGHT TO REIMBURSEMENT

Plaintiff NACS seeks reimbursement for the costs expended in defending the Cowan action. The right to reimbursement is not based simply on whether there is a duty to defend. *Ins. Co. of West v. Haralambos Beverage Co.*, 195 Cal.App.3d at 1320–1323, 241 Cal.Rptr. 427; *St. Paul Mercury Ins. Co. v. Ralee Eng'g Co.*, 804 F.2d 520 (9th Cir.1986). The court can order the insured to reimburse the insurer only if there was an "agreement or understanding" between the insured and insurer that there was a right to reimbursement. *Ins. Co. of West v. Haralambos*, 195 Cal. App.3d at 1323, 241 Cal.Rptr. 427, *St. Paul Mercury Ins. Co. v. Ralee Eng'g Co.*, 804 F.2d at 522. The court in *St. Paul Mercury Ins. Co. v. Ralee Eng'g Co.* affirmed the district court's refusal to grant summary

---

**2.** "An insurer is not liable for a loss caused by a *wilful* act of the insured...." Cal.Ins.Code § 533.

judgment to plaintiff-insurer because it was not clear that there was such an understanding that the insurer could seek reimbursement. 804 F.2d at 522.

 However, a letter reserving the right to reimbursement sent to the insured and the insured's acceptance of representation without comment equals such an agreement or understanding, justifying the reimbursement to the insurer. *Omaha Indemnity Ins. Co. v. Cardon Oil Co.*, 687 F.Supp. 502, 505 (N.D.Cal.1988); *Walbrook Insurance Co. v. Goshgarian & Goshgarian*, 726 F.Supp. 777, 782–83 (C.D.Cal.1989). In both *Cardon Oil* and *Goshgarian & Goshgarian*, the courts granted summary judgment to the insurance companies because the insurance companies had sent a right to reimbursement letter and the insureds had accepted representation without comment. *Cardon Oil*, 687 F.Supp. at 505; *Goshgarian & Goshgarian*, 726 F.Supp. at 783.

In the case at bar, plaintiff NACS clearly sent a letter reserving the right to reimbursement to defendants, and defendants accepted payment for legal fees without comment. Therefore, plaintiff NACS has established as an undisputed matter of fact and law that plaintiff NACS has a right to reimbursement from defendants.

CONCLUSION:

There are three independent grounds of exclusion in this insurance policy that apply to this case: the exclusion for suits brought by employees, the exclusion for suits brought by employees in the course of their employment, and the exclusion for criminal or intentional acts. Therefore, the insurance policy between plaintiff and defendants did not obligate plaintiff to defend Dr. D. and Dr. D., Inc. in the Cowan action. In addition, plaintiff has the right to reimbursement for the legal fees expended in the defense in the Cowan action.

IT IS SO ORDERED.