26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FORUM INSURANCE CO., Plaintiff-Counterdefendant-Appellee,
v.
County of Nye, Nevada, Defendant-Counterclaimant-Appellant.
 No. 91-16724.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1993.
Decided June 3, 1994.
 
 1
 Before: WALLACE, WIGGINS, Circuit Judges, and SMITH, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant County of Nye (the "County") appeals the district court's entry of summary judgment in favor of Appellee Forum Insurance Co. ("Forum") in a declaratory judgment action brought by Forum. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm the district court.
 
 
 4
 This court reviews the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. FDIC v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), cert. granted, 114 S.Ct. 543 (1993); Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 I. Policy Coverage
 
 5
 We conclude that the district court did not err in granting summary judgment on the issue of indemnification.
 
 
 6
 The County argues that the definition of covered losses is ambiguous and must be construed in their favor. While any ambiguity in an insurance policy must be resolved against the insurer and in favor of the insured, National Union Fire Ins. Co. v. Reno's Executive Air, Inc., 100 Nev. 360, 365, 682 P.2d 1380, 1383 (1984) (per curiam), the court should not rewrite policy provisions that are otherwise unambiguous. Senteney v. Fire Ins. Exch., 101 Nev. 654, 656, 707 P.2d 1149, 1150 (1985). The construction of an unambiguous contract is a matter of law. Crank v. Nev. Indus. Comm'n, 100 Nev. 80, 84, 675 P.2d 413, 415 (1984). An insurance policy is to be given "a construction which will fairly achieve its object of providing indemnity for the loss to which the insurance relates." Reno's Executive Air, 100 Nev. at 365, 682 P.2d at 1383.
 
 
 7
 Here, the object of the policy was to provide indemnity for noncontractual liability. The covered losses therefore do not include "amounts due or payable under the terms of any contractual obligation." (Emphasis added.) That phrase is not ambiguous and necessarily comprehends not just amounts promised to be paid, but also damages recoverable for breach of the contract. The proviso would be both ineffectual and perverse if an insured could convert any uncovered contractual duty into an insured liability by an intentional act such as breaching the contract. We conclude that damages available for breach of a contractual duty are "due or payable under the terms of [a] contractual obligation."
 
 
 8
 The complaint in the underlying action expressly bases its claims on alleged breaches of the Hospital Management Agreement by Nye County. The County's speculation that some claims might also be pleaded as tortious breaches of the same contractual duties is not sufficient to obscure the indelibly contractual nature of the underlying suit. Moreover, the relief sought by the plaintiff in that action was in line with Nevada's expectancy damages for breach of contract. See Colorado Environments, Inc. v. Valley Grading Corp., 105 Nev. 464, 470-71, 779 P.2d 80, 84 (1989); Restatement (Second) of Contracts Sec. 347 (1979). Finally, Appellant's reliance on "evidence" about the meaning of the terms of the contract is misplaced. Neither the district court nor this court needs expert testimony to conclude that summary judgment is appropriate. United States v. King Features Entertainment, Inc., 843 F.2d 394, 398 (9th Cir.1988) ("Interpretation of a contract is a matter of law, including whether the contract is ambiguous").
 
 
 9
 We conclude that there was no mistake of law or issue of material fact that precluded the district court from entering summary judgment in favor of Forum on the issue of the duty to indemnify.
 
 II. Duty to Defend
 
 10
 The County challenges the district court's conclusion that Forum had no duty to defend the County in the underlying action. The County argues that Forum, even if not under a duty to indemnify, was still obliged to defend the County and may not recover the amounts expended for that defense.
 
 
 11
 The district court concluded that the duty to defend, while broader than the duty to indemnify, extends only to actions "of the nature and kind covered by the policy." See Gray v. Zurich Ins. Co., 65 Cal.2d 263, 274, 419 P.2d 168, 175 (1966). There is no reason to fault that conclusion. Nevada law extends the duty to defend to all "potentially covered claims," Nevada VTN v. General Ins. Co. of Am., 834 F.2d 770, 773 (9th Cir.1987) (construing Nevada law), but a contract claim that is, as a matter of law, not covered does not meet this criterion. "Where there is no potential for coverage, there is no duty to defend." Bidart v. American Title Ins. Co., 103 Nev. 175, 179, 734 P.2d 732, 734 (1987).
 
 
 12
 The district court did not err in concluding that Forum owed the County no duty to defend.
 
 III. Reimbursement
 
 13
 Finally, the County argues that the district court erred by ordering the County to reimburse Forum for amounts expended for the County's defense. The County argues that Forum is only entitled to such reimbursement if there is an express agreement between the parties that the insurer may seek reimbursement. Forum unilaterally, but explicitly, reserved its right to seek reimbursement in a letter of January 28, 1988. Though the County objected to this reservation, it continued to accept a defense valued at hundreds of thousands of dollars. The court ordered the County to reimburse Forum for the costs of the defense that the County accepted after the January letter.
 
 
 14
 The County insists that its objection to Forum's reservation of the right to reimbursement distinguishes this case from others holding that the acceptance of defense without comment is sufficient to validate the reservation of reimbursement rights. We disagree. The County relies on St. Paul Mercury Ins. Co. v. Ralee Engineering Co., 804 F.2d 520 (9th Cir.1986) (construing California law). In that case, the letter advanced by the insurer as its reservation of rights stated that the insurer may " 'refuse to defend you further at any future time.' " Id. at 522 (emphasis supplied in the opinion). That, the court noted, "suggests a contrary understanding," id., namely that the insurer had conceded that it was obliged to defend until further notice. St. Paul Mercury, then, involves a lack of reservation of rights, not whether the insured may nullify that reservation by objection to it. Similarly, in Insur. Co. of the West v. Haralambos Beverage Co., 195 Cal.App.3d 1308, 1323, 241 Cal.Rptr. 427, 434 (1987), the court held that the evidence was insufficient to establish an agreement or understanding between the parties. To the extent that Haralambos might be read to say that the insured's acceptance of further defense is insufficient to ratify an express reservation of the right to reimbursement, we decline to attribute that position to Nevada law.
 
 
 15
 Under the rule proposed by the County, an insured could, by the simplest objection, deny the insurer's ability to recoup significant costs. The insurer would be forced to withhold the defense in order to get the requisite agreement and reserve its right to seek a later adjudication. Such a result would benefit no one. The strategy would prejudice the insured in the underlying action, potentially subject the insurer to other liabilities, and encourage additional litigation. Cf. Wheeler v. Reese, 835 P.2d 572, 577 (Colo.App.1992) (noting risks to insurer of refusal to defend and stating that the "appropriate course of action for an insurer who believes that it is under no obligation to defend is to provide a defense to the insured under a reservation of its right to seek reimbursement...."). It is far better to allow the insurer to reserve its rights in the manner least damaging to both parties, as long as the insured has unambiguous notice that it may later be held responsible for costs incurred.
 
 
 16
 In this case, the district court granted reimbursement of expenditures made after the date of the express reservation of rights. "[A]cceptance of monies constitutes an implied agreement to the reservation" of the right to seek reimbursement. Walbrook Ins. Co. Ltd. v. Goshgarian & Goshgarian, 726 F.Supp. 777, 784 (C.D.Cal.1989). The County's objection is properly dismissed as inconsistent with their acceptance of defense costs; they may not "refus[e] to accept the agreement yet retain[ ] the fruits of it." Id. at 784. We conclude that there was sufficient evidence of an "understanding" that Forum would be reimbursed for the costs of defense.
 
 IV. CONCLUSION
 
 17
 The district court's judgment is AFFIRMED.
 
 
 
 *
 Hon. Fern M. Smith, District Judge, Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3