FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

APR 15 2014

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FOREST MEADOWS OWNERS
ASSOCIATION,

Plaintiff - Appellant,

v.

STATE FARM GENERAL INSURANCE
COMPANY,

Defendant - Appellee.

No. 12-16073

D.C. No. 1:11-cv-01642-AWI-
SKO

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted April 11, 2014**
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Appellant Forest Meadows Owners Association ("FMOA") appeals the

district court's grant of Appellee State Farm General Insurance Company's ("State

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Farm") motion for summary judgment, and the court's denial of FMOA's motion for summary judgment, in FMOA's breach of contract and breach of the covenant of good faith and fair dealing action against State Farm. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision on cross-motions for summary judgment *de novo*. *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

In this insurance action based upon diversity jurisdiction, "California law controls." *St. Paul Mercury Ins. Co. v. Ralee Eng'g Co.*, 804 F.2d 520, 522 (9th Cir. 1986). An "insurer has a duty to defend an insured if it becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement." *Aroa Mktg., Inc. v. Hartford Ins. Co. of Midwest*, 198 Cal. App. 4th 781, 786 (2011) (internal citation and quotation marks omitted). The district court did not err in concluding that State Farm's duty to defend FMOA in the underlying suit was never implicated because the alleged misconduct—the firing of an employee in violation of California Military & Veterans Code § 394 and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.*—did not fall within the scope of FMOA's Directors and Officers ("DO") liability policy. The DO policy covered "those sums that the insured becomes legally obligated to pay as damages because of 'wrongful acts'

2

committed by an insured solely in the conduct of their management responsibilities for the Condominium/Association." The policy defined "wrongful acts" to mean "any negligent acts, errors, omissions or breach of duty directly related to the operations of the Condominium/Association." Established California law holds that this policy languages reaches only negligent conduct—"negligent act[s], negligent error[s], or negligent omission[s]." *Oak Park Calabasas Condo. Ass'n v. State Farm Fire & Cas. Co.*, 137 Cal. App. 4th 557, 564 (2006). Since the firing of an employee is an intentional act, it cannot qualify as negligence and does not fall within the policy. *See Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.*, 14 Cal. App. 4th 1595, 1603 (1993). Accordingly, FMOA has not shown there was a potential for coverage.

FMOA's alternative argument that, even if the firing were intentional, the supposedly *ultra vires* act of the board president in terminating the employee cannot be relied upon to deny coverage to FMOA under the policy's "separation of insureds" clause is of no moment. FMOA was the only entity sued, and it was not sued on a theory of vicarious liability, but directly, as any corporation can be. Cal. Corp. Code § 105; *see also Heiman v. Workers' Comp. Appeals Bd.*, 149 Cal. App. 4th 724, 739 (2007).

Finally, because State Farm's duty to defend FMOA was never implicated, State Farm was not contractually liable for refusing to accept FMOA's tender of defense. Since it was not contractually liable for the tender, there was no breach of contract. And because there was no breach of contract, FMOA's claim for breach of the implied covenant of good faith and fair dealing also fails. *See Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 639 (Cal. 1995).

Since no duty to defend arose, we need not address the applicability of the civil rights exclusion in the policy.

**AFFIRMED.**